**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK A. HARRIS,

                Petitioner - Appellant,

    v.

FRED FOULK, Warden,

                Respondent - Appellee.

No. 12-56354

D.C. No. 2:11-cv-07519-JVS-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted January 6, 2015
Pasadena, California

Before: KOZINSKI, WARDLAW, and W. FLETCHER, Circuit Judges.

    Mark A. Harris appeals the district court's denial of his 28 U.S.C. § 2254

petition as untimely under the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA").  28 U.S.C. § 2244(d)(1).  We have jurisdiction pursuant to 28

U.S.C. § 1291.  Because the district court erroneously concluded that Harris failed

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

to exercise due diligence in pursuing the factual predicate of his habeas claim, we reverse and remand for further proceedings.

Where a habeas petition alleges newly discovered evidence, the one-year statute of limitations under AEDPA begins to run on the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1)(D); *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1929 (2013). "Due diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (internal quotation marks omitted). Furthermore, where, as here, the petitioner alleges ineffective assistance of counsel, "a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance *and* resulting prejudice." *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001) (emphasis in original).

Harris exercised reasonable diligence under the circumstances he faced. Harris was misinformed by both the trial court and his counsel that the length of any parole term would be five years when, in fact, he was subject to a lifetime parole term. Harris had no reason to doubt the correctness of those representations, or to conduct an independent investigation to determine their validity. Similarly, at the time of his first parole suitability hearing on October 6, 2005, Harris had no

2

reason to believe that his attendance at that hearing would reveal any inaccuracies in the trial court and counsel's representations regarding the length of his parole term. It was not until his second parole suitability hearing, conducted on September 23, 2010, that Harris first became aware of the actual parole term to which he was subject. He diligently pursued his claims once he discovered this discrepancy, and filed his federal habeas petition within four months after discovering his actual term of parole, on January 13, 2011. Thus, Harris exercised reasonable diligence in discovering the factual predicate of his habeas petition, and timely filed his petition.[1]

**REVERSED and REMANDED.**

---

[1]Harris's motion for judicial notice of certain newspaper articles and statistics is GRANTED.

3